UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WAYNE E. BOULIER, JR., )<br> )<br>   Plaintiff )<br> )<br>   v. )<br> )<br>PENOBSCOT COUNTY JAIL, )<br>et al., )<br> )<br>   Defendants ) | 1:21-cv-00080-JAW |

### RECOMMENDED DECISION ON
### DEFENDANTS' MOTION TO DISMISS

Plaintiff, a former inmate at the Penobscot County Jail, alleges Defendants have violated his constitutional rights based on the conditions of his confinement and certain practices at the jail.

Defendants ask the Court to dismiss the action based on Plaintiff's failure to prosecute his claim. (Motion, ECF No. 29.) Plaintiff did not file a response to the motion. Following a review of the motion and the record, I recommend the Court grant the motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Defendants served interrogatories and a request for documents upon Plaintiff on or about July 19, 2021. When Plaintiff failed to respond to the discovery requests, Defendants asked for a discovery conference in accordance with District of Maine Local Rule 26(b). Because Defendants represented that Plaintiff had not provided any discovery responses, the Court ordered Plaintiff, on or before October 8, 2021, to serve the responses or show cause in writing why he has failed to respond to the discovery requests. (Order, ECF No.

27.) The Court advised Plaintiff that the Court could dismiss the matter if Plaintiff did not comply with the Court's order. (*Id.*)

In their motion, Defendants assert that Plaintiff has not served responses to the discovery requests. Plaintiff also failed to appear for his deposition that was scheduled by Defendants. (Transcript, ECF No. 29-1.) Plaintiff did not file a writing with the Court to show cause why he failed to respond to the discovery requests.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41, a defendant may move for dismissal of an action if the plaintiff fails to prosecute the action or to comply with court rules and court orders. Fed. R. Civ. P. 41(b). Rule 37 also authorizes the Court to dismiss an action where a party fails to comply with a court order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2).

Under District of Maine Local Rule 7(b), a party is expected to file an objection to a motion if the party contests the motion, and unless the party files an objection, the party is "deemed to have waived objection." D. Me. Loc. R. 7(b). Dismissal, therefore, would be warranted based solely on Plaintiff's lack of objection to Defendants' motion to dismiss.

The record also supports Defendants' request for dismissal. The record establishes that Plaintiff has not responded to Defendants' written discovery requests, did not appear for his scheduled deposition, and failed to comply with the Court's show cause order. Plaintiff, therefore, has failed to prosecute this matter. Given Plaintiff's failure to prosecute this matter, to subject Defendants to the uncertainty of continuing litigation and the expense of further motion practice would be unfair. This case illustrates the reason Rule 41(b) exits.

That is, "[i]n order to operate effectively and administer justice properly, courts must have the leeway 'to establish orderly processes and manage their own affairs.'" *Vazquez-Rijos v. Anhang*, 654 F.3d 122, 127 (1st Cir. 2011) (quoting *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003)).

While dismissal is appropriate, the issue is whether the dismissal should be with prejudice. Unless the court directs otherwise, an order granting a motion under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b)  As a general rule, however, dismissal of an action with prejudice is a sanction reserved for the most extreme misconduct. *Vazquez-Rijos*, 654 F.3d at 127.  Because earlier in the case Plaintiff demonstrated an interest in prosecuting the action, and because Plaintiff's failure to respond to the discovery, the Court, and counsel could be a product of changes in his address over the last year,[1] the Court does not construe Plaintiff's conduct cannot as extreme. Accordingly, dismissal without prejudice is appropriate.

---

[1] The record reflects that Plaintiff notified the court of a change of address on two occasions. (Notices, ECF Nos. 10, 18.)  The court received the most recent notification on May 6, 2021.  Plaintiff last filed a pleading with the court on May 14, 2021. (Motion, ECF No. 22.)  The current address of record is the address Defendants evidently obtained as Plaintiff's home address from the Penobscot County Jail. (See Transcript at p. 3, ECF No. 29-1.)  Given that Plaintiff has not contacted the court in nearly seven months, dismissal is appropriate even if there is some uncertainty whether Plaintiff received notification of Defendants' motion or the Court's show cause order.  Parties to litigation have a duty to inquire periodically regarding the status of the litigation and to keep the court informed of their current address and contact information. *United States v. Guerrero*, 302 Fed. App'x 769, 771 (10th Cir. 2008); *Lewis v. Hardy*, 248 Fed. App'x 589, 593 (5th Cir. 2007) (per curiam); *Carvel v. Durst*, No. 1:09-cv-06733, 2014 WL 787829, at *1 n.5 (S.D.N.Y. Feb. 25, 2014); *Am. Arbitration Ass'n, Inc. v. Defonseca*, No. 1:93-cv-02424, 1997 WL 102495, at *2 (S.D.N.Y. Mar. 6, 1997) ("[A] litigant's obligation to promptly inform the Court and the opposing party of an address change is a matter of common sense, not legal sophistication."); *see also* Information for Pro Se Parties, Responsibilities of the Pro Se Litigant ¶ 6: "You must keep the Court and the other party advised of any change of your address or telephone number. … Failing to do so may result in the imposition of sanctions, which could include the dismissal of your case." (United States District Court, District of Maine handout for pro se litigants, forwarded to Plaintiff on March 24, 2021).  On two prior occasions Plaintiff notified the court of his change of address and thus Plaintiff is evidently aware of his obligation to remain in contact with the court.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant Defendants' motion to dismiss, and dismiss Plaintiff's complaint without prejudice. I also terminate the order to show cause.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 10th day of December, 2021.