UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

WAYNE E. BOULIER, JR.,            )
                                  )
            Plaintiff,            )
                                  )
      v.                          )        No. 1:21-cv-00080-JAW
                                  )
PENOBSCOT COUNTY JAIL, et al.,    )
                                  )
            Defendants.           )

**ORDER AFFIRMING THE**
**RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

The Magistrate Judge reviewed an inmate petitioner's constitutional claims regarding jail practices and conditions of confinement and recommended that the Court dismiss the claims. The Court reviewed the petitioner's objections and concludes, as the Magistrate Judge did, that the petitioner's claims should be dismissed without prejudice because the petitioner failed to prosecute his case and failed to keep the Court and counsel informed of his whereabouts. The Court overrules the petitioner's objections and affirms the Recommended Decision of the Magistrate Judge.

**I.   PROCEDURAL HISTORY**

On March 24, 2021, Wayne E. Boulier, Jr., then an inmate at the Penobscot County Jail (PCJ), filed a civil action against the PCJ and several other governmental agencies and individuals (the Defendants), alleging that the Defendants interfered with his attempts to communicate with the Bangor Daily News and other media outlets, denied him access to counsel and to means to perform legal research, deprived

him of access to adequate medical care, and misused quarantine procedures as a means to punish him for using the PCJ's administrative remedy process. *Compl.* (ECF No. 1). On April 22, 2021, Mr. Boulier filed a letter of intent to proceed with this action after the Court granted him leave to proceed in forma pauperis. *Notice of Intent to Proceed* (ECF No. 12); *Order Granting Leave to Proceed In Forma Pauperis* (ECF No. 9).

On November 4, 2021, the Defendants PCJ, Troy Morton, and Richard Clukey requested that the Court dismiss this action as a sanction for Mr. Boulier's failure to attend his own deposition or respond to interrogatories, and for not obeying the Court's discovery order. *Defs.' Mot. to Dismiss* at 1-3 (ECF No. 29) (*Defs.' Mot.*). On December 10, 2021, the Magistrate Judge filed with the Court his Recommended Decision on the motion to dismiss, recommending that the Court grant the Defendants' motion to dismiss. *Am. Recommended Decision* (ECF No. 32) (*Am. Recommended Decision*). On December 28, 2021, Mr. Boulier filed his objection to the Recommended Decision. *Obj. to Recommended Decision of Magistrate Judge on Defs.' Mot. to Dismiss* (ECF No. 34) (*Pl.'s Obj.*). On December 30, 2021, the Defendants responded to Mr. Boulier's objection. *Defs.' Resp. to Pl.'s Obj. to the Magistrate's Decision and Order* (ECF No. 35) (*Defs.' Resp.*).

## II.   FACTS

With a letter dated April 7, 2021, Mr. Boulier filed a notice of change of address on April 13, 2021 stating that he had been moved from Kennebec County Jail to the Somerset County Jail. *Letter to Clerk of Ct.* at 1 (ECF No. 10). On May 6, 2021, Mr.

2

Boulier filed a letter, dated May 2, 2021, to inform the Court that he had been transferred again and he provided his new mailing address at the Knox County Jail. *Letter to Clerk of Ct.* (ECF No. 18).

The Defendants sent their answer and affirmative defenses dated June 2, 2021, to the Knox County Jail address. *See Answer and Affirmative Defenses* at 3 (ECF No. 24). After the Defendants' mailing of interrogatories and a request for production of documents was returned to sender from the Knox County Jail address, the Defendants contacted the Knox County Jail to learn that Mr. Boulier had been released from the jail on June 17, 2021, and that his home address on file with the jail was 103 McBurnie Road, Presque Isle, Maine 04769. *See Defs.' Resp.*, Attach. 1, *Email Exchange with Knox County Jail* at 1. The Defendants re-sent the discovery requests to the McBurnie Road address on July 19, 2021. *Req. for Hr'g Re: Disc. Dispute Pursuant to Local Rule 26(b)* at 1 (ECF No. 26) (*Req. for Hr'g*). On August 30, 2021, the Defendants sent a notice directed to Mr. Boulier to the McBurnie Road address to take Mr. Boulier's deposition. *Defs.' Mot.*, Attach. 2, *Notice to Take Dep. of Pl. Wayne Boulier* at 1 (*Dep. Notice*).

On September 13, 2021, the Defendants requested a discovery hearing, pursuant to District of Maine Local Rule 26(b) because Mr. Boulier had not responded to interrogatories and a request for documents sent to him on July 19, 2021. *Req. for Hr'g* at 1. On September 14, 2021, the Magistrate Judge issued an order to show cause giving Mr. Boulier until October 8, 2021, to "serve responses to the discovery requests or show cause in writing as to why he has failed to provide any response to

the discovery requests." *Order to Show Cause* at 1 (ECF No. 27).  The Magistrate

Judge warned that if Mr. Boulier failed to comply with the order, "the Court could

impose sanctions, including the dismissal of [his] complaint." *Id.*  Mr. Boulier did not

respond to the Order to Show Cause or the discovery requests.  Mr. Boulier also failed

to appear for his scheduled deposition on October 20, 2021. *See Defs.' Mot.*, Attachs.

1-2, *Dep. Tr. and Dep. Notice.*  On February 25, 2022, Mr. Boulier filed a letter dated

February 22, 2022, to inform the Court that he had been transferred from Aroostook

County Jail to Two Bridges Regional Jail in Wiscasset and to update his mailing

address. *Letter to Clerk of Ct.* (ECF No. 36).

## III.   THE RECOMMENDED DECISION

The Magistrate Judge recommended the Court dismiss Mr. Boulier's

Complaint on two independent grounds.  First, under District of Maine Local Rule

7(b), the Magistrate Judge explained that dismissal would be warranted based solely

on Mr. Boulier's failure to object to the Defendants' motion to dismiss. *Am.*

*Recommended Decision* at 2.  Second, the Magistrate Judge concluded that Mr.

Boulier "failed to prosecute this matter," reasoning that "to subject Defendants to the

uncertainty of continuing litigation and the expense of further motion practice would

be unfair." *Id.* at 2-3.

The Magistrate Judge went on to recommend dismissal without prejudice

"[b]ecause [Mr. Boulier] has in the past demonstrated an interest in prosecuting the

action, and because [Mr. Boulier]'s failure to respond to the discovery and

communicate with the Court and counsel could be a product of changes in his address

of the last year." *Id.* at 3.  The Magistrate Judge pointed out that Mr. Boulier "notified the Court of a change of address on two occasions," most recently on May 6, 2021, before he filed his last pleading with the Court on May 14, 2021.  *Id.* at 3 n.2 (citing ECF Nos. 10, 18).

## IV.   THE PARTIES' POSITIONS

### A.   Wayne Boulier's Objection

In his objection to the Recommended Decision, Mr. Boulier asserts that "he never received proper notice of any discovery" requests and has "not receive[d] anything pertaining to the case following his release from the Knox County Jail in early June, 2021." *Pl.'s Obj.* at 1.  He says that he contacted the Clerk of Court on December 6, 2021, "since he had heard nothing for six months" and needed to change his address again, and was "shocked to learn that he had received no notice of [the Defendants' answer, request for a hearing regarding discovery, and motion to dismiss, the scheduling order, and the order to show cause]." *Id.* at 1-2 (citing *Letter to Clerk of Ct.* (ECF No. 33)).

Mr. Boulier says he left notice for the Knox County Jail to forward his mail to his current address, and that his accurate current address "was made available by [his] bail bonds, [and] order of the Penobscot Court." *Id.* at 2-3. Mr. Boulier explains that he only "learned of the mistaken address being used by the [Defendants], and therefore adopted and used by the Court" when he contacted the Clerk of Court. *Id.* at 3.  Mr. Boulier says that his uncle, who owns the McBurnie Road residence, "never informed [him] of any mail being sent" to that address. *Id.*  Asserting that he "never

5

claimed that to be an appropriate mailing address at any point," Mr. Boulier argues that "[p]roper investigation would have been very simple for the defendants to get a correct, up to date mailing address for [him] by simply reviewing the bail order/order of commitment of the [state] court, as well as all four bail bonds [that he] posted" upon his release. *Id.* at 4.

Citing Federal Rule of Civil Procedure 5(b)(c), Mr. Boulier reasons that "defendants could have been no better informed of an up to date [m]ailing, as well as [p]hysical address . . . then the actual [state] court paperwork that released him from their custody." *Id.* at 5. He says that "[b]eing a laym[a]n [in] Federal Civil Procedure," and acting pro se, he "did not know an expected timeline of when to expect progress [in] the case, and sincerely thought that any and all relevant paperwork would be mailed to him at his Court ordered, bailed out to, address of 28 Fern Street apt C Bangor, Maine 04401." *Id.* Mr. Boulier asks the Court to deny the Defendants' motion to dismiss and reissue a scheduling order in this case, promising he "will continue to regularly check in with the Court, and not assume the defendants have provided and served [him] at his proper mailing address." *Id.* at 6. Mr. Boulier says he "is completely prepared to proceed with the prosecution of the defendants for the violations of his civil rights while in their custody." *Id.*

### B.   The Defendants' Response

In response, the Defendants insist that Mr. Boulier "has failed to fulfill his obligations as the Plaintiff in this lawsuit," noting that he "evinced his awareness of [the obligation to keep the Court informed of his current address] by previously filing

a notice of change of address in May 2021." *Defs.' Reply* at 1-2.  They go on to recount the timeline of their discovery requests and their attempts to resend various communications and notices to Mr. Boulier, emphasizing that "[d]uring this entire time the Plaintiff [did] not update[] the court with his address." *Id.* at 2-3.  The Defendants say they have not communicated with Mr. Boulier since he last contacted the Court in May of 2021.  *Id.* at 3.  Because Mr. Boulier has not participated in this case "[f]or over seven months," the Defendants urge the Court to dismiss his complaint.  *Id.*

## V.   DISCUSSION

After Mr. Boulier failed to respond to the Defendants' written discovery requests, did not appear for his scheduled deposition, and failed to comply with the Magistrate Judge's order to show cause, the Defendants moved for involuntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b) because Mr. Boulier "fail[ed] to prosecute or to comply with . . . a court order."  FED. R. CIV. P. 41(b).  As the Magistrate Judge observed, "[t]his case illustrates the reason Rule 41(b) exists," *Am. Recommended Decision* at 3, to allow the Court "to operate effectively and administer justice properly."  *Id.* (quoting *Vazquez-Rijos v. Anhang*, 654 F.3d 122, 127 (1st Cir. 2011)).

Mr. Boulier places the blame for his lack of communication about his proper address on everyone but himself.  Mr. Boulier first blames the Knox County Jail for failing to forward his mail to his new address in Bangor.  Next, he implies that because his Bangor address appeared on state court documents that the Court and

7

the Defendants should have known where he was.  Third, he blames the Defendants for failing to use "[p]roper investigation" find his proper address.  *Pl.'s Obj.* at 4.  Mr. Boulier misses the point.

A party's obligation to maintain a current address with a court does not rest with the court, the opposing party, or a third party.  It rests solely with the party himself, in this case Mr. Boulier.  Thus, "[a] party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 865 F.2d 1439, 1441 (9th Cir. 1988); *see also Hinote v. Jordan*, No. 2:19-cv-00204-JAW, 2020 U.S. Dist. LEXIS 130753, at *4-5 (D. Me. July 24, 2020) (granting defendant's motion to dismiss for failure to prosecute "[d]ue to [plaintiff's] failure to keep this Court apprised of his whereabouts and to otherwise prosecute his claims").

On March 24, 2021, the Clerk of Court forwarded the District of Maine's handout for pro se litigants to Mr. Boulier.  *Letter from Clerk of Ct.* (ECF No. 4).  The handout explains certain responsibilities of pro se litigants, including that:

> You are required to diligently prosecute your lawsuit.  Unless and until you obtain an attorney to represent you, it is your responsibility to do everything necessary to prepare your case for trial.  This includes, but is not limited to, responding to discovery requests and motions.
> . . .
> You must keep the Court and the other party advised of any change of your address or telephone number.  This is done by providing a Notice of Change of Address in writing.  Failing to do so may result in the imposition of sanctions, which could include the dismissal of your case.

United States District Court District of Maine, Information for Pro Se Parties, *Responsibilities of the Pro Se Litigant* at 5-6 ¶¶ 1, 6.  Thus, although Mr. Boulier was acting pro se, he received notice, before his break in communication with the Court

8

and the Defendants, that it was his responsibility to prosecute the case and continue to update his address.

Moreover, as described earlier, Mr. Boulier complied with this change of address obligation on at least four occasions. On March 24, 2021, the date he filed his Complaint, his initial address was the Kennebec County Jail in Augusta, Maine. *Compl.*, Attach. 1, *Envelope.* On April 13, 2021, he filed with the Court a notice of change of address. *Notice of Change of Address* (ECF No. 10). In this notice, Mr. Boulier expressly informed the Clerk of Court that he had been moved from the Kennebec County Jail to Somerset County Jail. *Id.* at 1. Then on May 6, 2021, Mr. Boulier filed a new notice of change of address with the Clerk of Court, stating that he had been transferred to Knox County Jail. *Notice of Change of Address* (ECF No. 18). As far as the Court and the Defendants were concerned, it and they had a right to rely on Mr. Boulier's stated whereabouts until he again notified the Court that his address had changed. This did not take place until December 10, 2021 when he informed the Clerk of Court that he was then being held in the Aroostook County Jail. *Notice of Change of Address* (ECF No. 33). Finally, Mr. Boulier filed another change of address letter on February 25, 2022, informing the Court and the Defendants that he had been transferred to Two Bridges Regional Jail in Wiscasset, Maine. *Notice of Change of Address* (ECF No. 36).

Based on the multiple notices of change of address he filed with the Court, the Court concludes that Mr. Boulier knew how to comply with the requirement. He just failed to do so. Now he seeks to blame others for his own failure to comply with a

9

fundamental obligation of any party: that he must inform the Court and the opposing parties where he is.

Finally, in his objection, Mr. Boulier acknowledges that he wrote the Clerk of Court in December 2021 to inquire about the status of his case and received back a copy of the civil docket. *Pl.'s Obj.* at 1-2. Mr. Boulier insists that he was "shocked" to realize that the case had proceeded in his absence. But if he was able in December 2021 to apprise himself of this status of the case, he does not explain why he would not have been able to do the same at any time after May 6, 2021, when he last informed the Court and the Defendants about where he was.

In sum, the Court agrees with the Magistrate Judge that it would be unfair to continue to subject the opposing party to the uncertainty and expense of defending this action. *See Am. Recommended Decision* at 3-4. At the same time, the Court also agrees with the Magistrate Judge that, particularly in light of his multiple changes of address since the filing of this Complaint, Mr. Boulier's conduct is not extreme in the sense that it would warrant dismissal with prejudice. Instead, the Court is dismissing Mr. Boulier's Complaint without prejudice, meaning that if he wishes to start over again by filing a new complaint, he may do so.

I have reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; I have made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set

forth in his Recommended Decision, and determine that no further proceeding is necessary.

1. It is therefore <u>ORDERED</u> that the Amended Recommended Decision of the Magistrate Judge (ECF No. 32) be and hereby is <u>AFFIRMED</u>.

2. It is <u>ORDERED</u> that the Defendants' Motion to Dismiss (ECF No. 29) is hereby <u>GRANTED.</u>

3. It is further <u>ORDERED</u> that the Plaintiff's Complaint (ECF No. 1) be and hereby is <u>DISMISSED</u> without prejudice.

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 7th day of March, 2022

11